UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JUNIOR LLOYD TAYLOR,                              :
                                                  :
                                                  :
                        Plaintiff,                :       14-cv-6188
                                                  :
        -against-                                 :
                                                  :
GRECO BROTHERS READY MIX CONCRETE, INC.           :
                                                  :
                                                  :
                        Defendant.                :
-------------------------------------------------------------------x

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Junior Lloyd Taylor ("Plaintiff" or "Mr. Taylor"), by and through his counsel, Giskan Solotaroff Anderson & Stewart LLP, as and for his Complaint in this action against Defendant Greco Brothers Ready Mix Concrete ("Defendant" or "Greco Bros."), hereby alleges as follows upon information and belief:

## NATURE OF THE CLAIMS

1.      This is an action in which Plaintiffs seek recovery for injuries and to remedy unlawful discrimination in employment on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the New York City Human Rights Law, N.Y.C. Admin. Code. § 8-107 *et seq.* ("NYCHRL").

2.      Plaintiff is an African-American man who worked for Defendant Greco Bros. for 20 years before being terminated without cause of legitimate justification. As set forth herein, Plaintiff was terminated because of his race.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims based upon a federal question (28 U.S.C. § 1331) presented under Title VII.

4. Supplemental jurisdiction over Plaintiff's claims alleging violations of the New York City Human Rights Law exists pursuant to 28 U.S.C. § 1367(a).

5. An administrative proceeding, as required by 42 U.S.C. § 2000e-5 as a prerequisite to commencing an action under Title VII, was instituted with the U.S. Equal Opportunity Commission ("EEOC"), and was assigned charge number 520-2012-01450.

6. On or about July 25, 2014, the EEOC issued Plaintiff his Notices of Right of Sue.

7. Pursuant to § 8-502(c) of the Administrative Code of the City of New York, a copy of this Complaint has or will, within 10 days of filing, be served upon the New York City Commission on Human Rights and the Corporation Counsel, Law Department of the City of New York.

8. Venue is found within this judicial district pursuant to 42 U.S.C. § 2000e-5(f)(3). Venue is also proper under 28 U.S.C. § 1391. Acts and transactions herein complained of have taken place in this State and in this District, including the unlawful employment practices about which Plaintiff complains.

## PARTIES

9. Plaintiff Junior Lloyd Taylor resides in Queens, New York. He is an African-American male.

10. Defendant Greco Brothers Ready Mix, Inc. maintains its principal places of business at 381 Hamilton Avenue, Brooklyn, NY 11231 and/or 87-13 Rockaway Blvd., Ozone Park, NY

11416 (Queens County). At all relevant times, Greco Bros. was an "employer" and a "covered entity" under all applicable statutes.

## FACTUAL ALLEGATIONS

11. Mr. Taylor began working for Greco Bros. in or about 1982.

12. From 1982 until 2009, Mr. Talyor worked as a full-time welder and laborer.

13. Mr. Taylor learned to weld in his native Jamaica, where he began an apprenticeship at the age of 15.

14. Although Greco Bros. hired Mr. Taylor to be a welder and laborer, he also performed a number of other functions at Greco Bros., including the functions of a "watchman."

15. From 1982 until approximately 2007, Mr. Taylor's supervisor was Joseph Greco Sr.

16. In or around 2007, Mr. Greco Sr.'s sons, Anthony Greco and Joseph Greco Jr., became Mr. Taylor's supervisors.

17. Shortly after Anthony Greco and Joseph Greco Jr. became Mr. Taylor's supervisors, Anthony Greco told Mr. Taylor that he was "the biggest time waster" he had ever seen.

18. At the time, Mr. Taylor had been working at Greco Bros. for approximately 25 years and had never been criticized for his time management.

19. In fact, Mr. Taylor had never been criticized at all for his work performance while at Greco Bros.

20. Anthony Greco also told Mr. Taylor that another laborer – Alfonso Mirasola – "can't wait to see you leave so he can take your place."

21. Mr. Mirasola is Caucasian and of Italian descent.

22. Mr. Mirasola was hired in January 2001.

23. Mr. Taylor had almost 20 years' seniority over Mr. Mirasola.

3

24. From 1982 until 2009, Mr. Taylor worked 5-6 days per week from 7:30 a.m. until 4 p.m.

25. In 2009, Mr. Taylor's hours were abruptly reduced to 3-4 days of work per week.

26. Mr. Taylor was never given any explanation for the reduction in his hours in 2009.

27. Beginning in 2010, Mr. Taylor's hours were further reduced, to 1-2 days of work per week.

28. Mr. Taylor was never given any explanation for the reduction in his hours in 2010.

29. Around December 2010 or January 2011, Mr. Taylor stopped receiving calls to come to work completely.

30. Mr. Taylor never received any formal communication about his termination.

31. At the time he was terminated, Mr. Taylor was the only Black person employed by Greco Bros. as a laborer or welder.

32. Mr. Mirasola, who is similarly situated but junior to Mr. Taylor, has continuously maintained his full-time status at Greco Bros.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Discrimination under Title VII)

33. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

34. Defendant discriminated against Plaintiff in the terms, conditions and privileges of his employment on account of his race, in violation of 42 U.S.C. § 2000e *et seq.*

## AS AND FOR A SECOND CAUSE OF ACTION
### (Discrimination under the New York City Administrative Code § 8-107(7))

35. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

36. Defendant discriminated against Plaintiff in the terms, conditions and privileges of his employment on account of his race, in violation of New York City Administrative Code § 8-107.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an award:

(a) Declaring the acts and practices complained of herein are in violation of Title VII and/or the NYCHRL;

(b) Enjoining and permanently restraining these violations of Title VII and/or the NYCHRL;

(c) Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

(d) Directing Defendant to place Plaintiff in the position he would be in but for Defendant's discriminatory treatment of Plaintiff, and to make Plaintiff whole for all earnings he would have received but for Defendant's racially discriminatory treatment, including, but not limited to, wages and other lost benefits from the date of Plaintiff's termination of employment or failure to retain as employee to the date of his reinstatement;

(e) Directing Defendant to pay punitive damages as provided by Title VII and the NYCHRL, to the maximum extent permitted by law;

(f) Directing Defendant to pay an additional amount to compensate Plaintiff for the emotional distress, humiliation, pain and suffering, and/or mental anguish Defendant's conduct has caused Plaintiff;

(g) Awarding Plaintiff such interest as is allowed by law;

(h) Awarding Plaintiff his reasonable attorneys' fees and costs; and

(i) Granting such other and further relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury in this action.

Dated: New York, New York
      October 22, 2014

 

*[signature]*
_____
Jason L. Solotaroff
Raymond Audain
GISKAN SOLOTAROFF ANDERSON &
  STEWART LLP
11 Broadway, Suite 2150
New York, NY 10004

*ATTORNEYS FOR PLAINTIFF*